**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| MALIK N. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:26-CV-124 (MTT) |
| | ) | |
| Manager KAYLA KING, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

On April 2, 2026, Plaintiff Malik Martin, proceeding pro se, filed his complaint

against Kayla King, Claude Westbrook, Mrs. Westbrook, Councilman Terry Eady, and

the City of Gordon, Georgia. ECF 1. That same day, he filed a motion to proceed *in*

*forma pauperis* ("IFP"). ECF 2. For the following reasons, Martin's motion to proceed

IFP (ECF 2) is **GRANTED**. But Martin's complaint lacks important factual allegations

that he may have omitted because of his pro se status. Thus, the Court **ORDERS**

Martin to amend his complaint by **July 30, 2026**.

### I. DISCUSSION

**A. Motion to Proceed IFP**

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

[A]ny court of the United States may authorize the commencement,
prosecution or defense of any suit, action or proceeding, civil or criminal, or
appeal therein, without prepayment of fees or security therefor, by a person
who submits an affidavit that includes a statement of all assets such

prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

The Court has reviewed Martin's IFP affidavit. It establishes that he cannot pay the court fees without undue hardship. ECF 2. Thus, Martin's motion to proceed IFP (ECF 2) is **GRANTED**.

## B. Frivolity Review

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Martin is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Martin brings claims under 42 U.S.C. § 1981 alleging violations of his First and Fourteenth Amendment rights as well as "Pendant Common law torts." ECF 1 at 4. He alleges that on April 5, 2022, Kayla King, the branch manager of the Gordon Public Library, informed him that the library was closing early due to severe weather. *Id.* at 5. Martin told King that "severe weather is not a legitimate reason to shut down the library but a pretextual motive to kick him out of the library because of his race." *Id.* Shortly after, Claude Westbrook, Mrs. Westbrook, and Terry Eady entered the library. *Id.* Martin again "insisted that the abrupt closure of the library due to severe weather was not a legitimate reason but a racially motivated pretext." *Id.* At that point, Claude Westbrook, Mrs. Westbrook, Eady, and King "unanimously agreed to permanently ban [Martin] from Gordon library for falsely accusing them" of being racist. *Id.* King contacted Gordon Police Department and requested an officer to escort Martin off the library premises. *Id.* Officer Joey Jones arrived and escorted Martin out of the building. *Id.* at 6. Martin refused to provide identification, and Officer Jones issued him a trespass notice. *Id.*

Martin alleges: "This Federal claim is actionable pursuant to 28 USC § 1658 under the four-year statute of limitations and the Four Year Statute of Limitations for State Common Law claims pursuant to OCGA §9-2-3-26." *Id.* at 6. Section 1658 provides that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after" December 1, 1990 "may not be commenced later than 4

-4-

years after the cause of action accrues." 28 U.S.C. § 1658. It is unclear what claim Martin contends "aris[es] under an Act of Congress enacted after" December 1, 1990. And the Court does not know what the "Four Year Statute of Limitations for State Common Law claims pursuant to OCGA §9-2-3-26" refers to, as that code section does not exist. Assuming Martin intends to rely on O.C.G.A. § 9-3-26, which provides a four-year statute of limitations for "[a]ll other actions upon contracts express or implied not otherwise provided for," this statute does not appear applicable to Martin's claims.

While Martin provides some factual allegations in his complaint, many important allegations are lacking such that the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). For example, Martin does not allege any contractual relationship for purposes of his 42 U.S.C. § 1981 claims. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (holding that a § 1981 plaintiff must initially identify an impaired contractual relationship under which he has rights). It is not clear whether this deficiency is because of the manner in which the allegations have been pled, or whether they simply lack substance.

However, given Martin's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Martin is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing his claims. Martin shall have until **July 30, 2026,** to file his amended complaint.

In the "statement of claims" section of his amended complaint, Martin must link any claims he makes to a named defendant. If Martin fails to link a named defendant to a claim, the claim will be dismissed; if Martin makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

Martin must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Martin list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Martin injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Martin's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Martin may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271,

1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## C.  Fed. R. Civ. P. 11 Obligations

The Court informs Martin of his obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Martin's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

## D.  Artificial Intelligence

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Martin in meeting his pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff shall include a signed statement disclosing whether Plaintiff used AI to assist in the**

-8-

**preparation of and drafting of the pleading. Plaintiff need not disclose specifically how Plaintiff used AI. The statement shall also certify that Plaintiff has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Martin's motion to proceed IFP (ECF 2) is **GRANTED**, and Martin is **ORDERED** to amend his complaint no later than **July 30, 2026**.

**SO ORDERED**, this 29th day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT