**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MALIK MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-124 (MTT)** |
| | ) | |
| **Manager KAYLA KING, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

On April 2, 2026, Plaintiff Malik Martin, proceeding pro se, filed his complaint. ECF 1. That same day, he filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF 2. On June 29, 2026, the Court granted Martin's IFP motion and ordered him to amend his complaint. ECF 3. On July 29, 2026, Martin filed his amended complaint. ECF 4. Martin's amended complaint is now ripe for screening pursuant to 28 U.S.C. § 1915(e). Having conducted this screening, the Court orders that Martin's claims be **DISMISSED without prejudice**.

## I. DISCUSSION

### A. Standard of Review

28 U.S.C. § 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court

determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Martin is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

**B. Factual Allegations**

Martin's Amended Complaint is now the operative pleading in this action. The Court therefore addresses only those claims and Defendants identified in the Amended Complaint. *See Riley v. Fairbanks Capital Corp.*, 222 F. App'x 897, 898-99 (11th Cir.

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

2007) (per curiam) (holding district court lacked subject matter jurisdiction after pro se plaintiff omitted federal claims from amended complaint); *see also Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (internal quotation marks omitted)).

Martin contends that on April 5, 2022, upon entering Gordon Public Library and using the publicly available computer, Defendant Kayla King, the Branch Manager, told Martin that the library would be closing early due to severe weather. ECF 4 at 4. Martin told King severe weather was not a legitimate reason to shut down the library and that this was a "pretextual motive" to kick him out of the library because of his race. *Id.* After this, Chairman Westbrook, his wife, and councilman Terry Eady entered the library. *Id.* After Martin repeated that the abrupt closure of the library was racially motivated pretext, the defendants unanimously agreed to permanently ban Martin from the library for accusing them of racism. *Id.* at 5. King then contacted the police, and Officer Jones escorted Martin out of the library. Martin alleges that Officer Jones forced Martin to produce his ID or he would be arrested for calling the librarian racist. *Id.* Martin refused and was issued a trespass order. *Id.* at 6.

Martin raises claims of First Amendment retaliation, Fourteenth Amendment due process, the right to make and enforce contract, and supervisory liability and failure to train, all under 42 U.S.C. § 1981. He also brings a state law claim for breach of contract under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. ECF 4 at 6-9.

**C. Sections 1981 and 1983**

42 U.S.C. § 1981 provides "every person the same right to 'make and enforce contracts . . . as is enjoyed by white citizens.'" *Allen v. CLP Corp.*, 460 F. App'x 845, 847 (11th Cir. 2012) (per curiam) (quoting 42 U.S.C. § 1981(a)) (alteration in original). "The phrase, '[m]ake and enforce contracts,' is defined as 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id.* at 847 n.1 (quoting 42 U.S.C. § 1981(b)) (alteration in original). Each right listed in the statute is "'protected against impairment by nongovernmental discrimination.'" *Id.* (quoting 42 U.S.C. § 1981(c)). However, the Eleventh Circuit has made clear that "§ 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981." *Butts v. County of Volusia*, 222 F.3d 891, 893, (11th Cir. 2000). In his amended complaint, Martin brings his claims against state actors exclusively under § 1981. Therefore, Martin "fails to state a claim on which relief may be granted." *See Rodriquez v. City of Moultrie, Ga.*, 2014 WL 4450388 (M.D. Ga. Sept. 10, 2014) ("The City argues that Plaintiff's § 1981 claim should be dismissed because … § 1983 provides the exclusive remedy against state actors for violations of the rights contained in § 1981, and Plaintiff did not assert a § 1983 claim in his complaint. The Court agrees with the City.").

Furthermore, even if the amended complaint could be construed as claims arising under § 1983, dismissal would still be proper because the statute of limitations for Martin's § 1983 claims has expired. Section 1983 does not have its own statute of limitations. *Reynolds v. Murray*, 170 F. App'x 49, 50 (11th Cir. 2006) (citing *Owens v. Okure*, 488 U.S. 235, 236 (1989)). All constitutional claims brought under § 1983 are instead "subject to the statute of limitations governing personal injury actions in the state

where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Georgia, the statute of limitations for personal injury actions is two years. O.C.G.A. § 9-3-33; *see also Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). Martin alleges his injuries occurred on April 5, 2022, and he filed his original complaint on April 2, 2026, three days short of four years after the claim accrued. Thus, construing his claims under § 1983 would be futile given that those claims would be time-barred. Therefore, dismissal is appropriate. *See Clark v. State of Georgia Pardons and Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justifies dismissal under 28 U.S.C. § 1915); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred); *Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

**D. State Law Claim**

Martin's remaining claim arises under state law. ECF 4 at 8-9. If the Court "dismisse[s] all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over" any state law claims Martin seeks to assert. 28 U.S.C. § 1367(c)(3). Because the Court is dismissing all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over Martin's state-law claim and dismisses that claim without prejudice.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Martin's amended complaint (ECF 4) is **DISMISSED without prejudice**.

**SO ORDERED**, this 25th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT